UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE MAYES,
    Plaintiff,
-vs.-                                    **DEMAND FOR JURY TRIAL**

COLLECTCO, INC.,
d/b/a EOS CCA
a Massachusetts corporation
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Collectco, Inc. d/b/a EOS CCA which is a Massachusetts corporation that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to AT&T Mobility in the amount of $725.90.

7. Plaintiff does not owe this alleged debt to AT&T Mobility.

8. On or about June 13, 2012, Plaintiff signed an Affidavit stating that she shipped and returned the equipment she had with AT&T and cancelled her account with them, she paid the remaining balance of $450.00 in March of 2011 to AT&T.

9. On or about August 21, 2012, Defendant sent a letter to Plaintiff attempting to collect this alleged debt.

10. Shortly after Plaintiff received this letter, Plaintiff called Defendant and explained to them that she did not owe this alleged debt.

11. On or about September 17, 2012, Plaintiff, through Nitzkin & Associates, sent Defendant a letter demanding validation of the debt as is her right under the Fair Debt Collection Practices Act.

12. On or about September 20, 2012, Plaintiff sent another letter to Defendant disputing this alleged debt.

13. On or about September 27, 2012, Defendant responded to Plaintiff's letters stating that the account had been closed and that they would not contact her anymore.

14. On or about October 25, 2012, Plaintiff pulled her three credit reports. Defendant listed the debt on Plaintiff's Experian credit report showing a balance of $725.00. This credit report says, "Date reported: 10/5/2012." This is the first time that Defendant appeared on Plaintiff's credit report. It did not say that this account was closed and it did not say that Plaintiff disputed this alleged debt.

15. Defendant has clearly misled the Plaintiff by continuing its attempts to collect the debt.

16. To date, Plaintiff never received any validation of the alleged debt from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq, including but not limited to the following statutes:

    a. 15 U.S.C. §1692e by:

        i. falsely representing to the Plaintiff that it would cease all collection activity and then subsequently placing this debt on the Plaintiff's consumer credit file with Experian;

      ii. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed

  b. 15 U.S.C. §1692f by:

      i. Using unfair or unconscionable means to collect the debt by placing the debt on the Plaintiff's consumer credit file without notifying her and moreover, by misleading her into believing that the account would be closed;

      ii. Impairing the Plaintiff's credit report with the Defendant's bogus trade line.

22. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, including but not limited:

  a. Loss of the ability to purchase a home that she had attempted to purchase;

  b. Severe emotional distress;

  c. Medical expenses

  d. Costs and Attorneys' fees

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

27. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

31. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

33. Plaintiff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

November 29, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com