UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE MAYES,

    Plaintiff,

v.

COLLECTO, INC.,

    Defendant.
                  /

No. No. 12-15247

District Judge Denise Page Hood

Magistrate Judge R. Steven Whalen

**ORDER**

  Before the Court is Plaintiff's motion to compel discovery [Doc. #15]. Plaintiff served interrogatories and document requests on Defendant on March 18, 2013, making the Defendant's answers due on April 17, 2013. In the motion, Plaintiff's counsel, Gary Nitzkin, states that "Defendant has failed to answer or otherwise respond" to the discovery requests "to date."

  This is not exactly correct. While it is true that Defendant has not responded to the discovery requests, Defendant's counsel clearly "otherwise responded" by informing Plaintiff's counsel that on March 1, 2013, she "began an intermittent period of emergency family medical leave necessitated by the birth of her premature twins." *Defendant's Response* [Doc. #18, at 2]. A series of medical interventions was necessary, including "emergency intestinal surgery to correct a life-threatening, congenital birth defect." *Id*. Counsel's infant daughter remained hospitalized as of the filing of Defendant's response. *Id*. Plaintiff's counsel does not dispute Defense counsel's statement that he declined to stipulate to an extension or to a stipulated order compelling production. While Plaintiff's counsel concedes that defense counsel "is not motivated by any bad faith effort to delay

adjudication," *Plaintiff's Reply Brief*, at 2, he nevertheless states that he "is duty bound to actively pursue [his] clients' claims...." *Id*.  Contending that "Defendant's reliance upon its offer to stipulate to an order compelling its answers to Plaintiff's discovery requests is disingenuous," he seeks an order compelling production within seven days, along with fees and costs. *Id*., at 2-3.

This dispute demonstrates why people hate lawyers. The case involves an alleged $725.90 consumer debt. While the matter is no doubt important to the Plaintiff, and both the litigants and the Court have an interest in moving cases forward expeditiously, Defendant's counsel, a solo practitioner, is dealing with a life and death situation.  The world will not end if some additional time is afforded for discovery responses, and it is disconcerting that Mr. Nitzkin has been unwilling to be more accommodating.

That said, and in the interest of balancing Plaintiff's need for discovery and defense counsel's family crisis, Plaintiff's motion to compel [Doc. #15] is GRANTED IN PART AND DENIED IN PART.

Defendant shall provide responses to Plaintiff's First Interrogatories and Requests for Production of Documents within 45 days of the date of this Order.[1]

Plaintiff's request for fees and costs is DENIED.

IT IS SO ORDERED.

Date: May 28, 2013                            s/ R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] I am confident that the attorneys will be able to agree to an extension of all scheduling dates, and submit a proposed stipulation to Judge Hood.

I hereby certify that a copy of this forgoing document was sent to parties of record on May 28, 2013, electronically and/or by U.S. mail,

                                                      s/Michael Williams
                                                     Relief Case Manager for the Honorable
                                                     R. Steven Whalen